IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN J. PETTIGREW

                 Petitioner,                              ORDER

     v.                                         3:07-cv-690-bbc

RICK RAEMISCH, Secretary,
Wisconsin Department of
Corrections and ALFONSO
GRAHAM, Chairperson,
Wisconsin Parole Commission,
                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Nathan J. Pettigrew, a prisoner at the Racine Correctional Institution in Sturtevant, Wisconsin, has submitted a proposed complaint. He asks for leave to proceed in forma pauperis. Because petitioner is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint in forma pauperis, petitioner will have to make an initial partial payment of the filing fee in the amount of $23.56 and the remainder of the fee in monthly installments even if his request for leave to proceed is denied.

      In his request for leave to proceed in forma pauperis, petitioner "ask[s] the court to order this institution to withdraw the full amount to cover all costs from my 'regular and

release accounts.'" To the extent petitioner is requesting that he be able to use his release account for payments other than the initial partial payment, his request will be denied. Petitioner may use funds from his release account only to pay the initial partial filing fee.

In another case filed in this court, Collins v. Green, 97-C-669-C ( W.D. Wis. Sept. 26, 1997), I addressed the question whether release account funds should be considered for the purpose of calculating the initial partial payment or collecting the remainder of the fee owed by a prisoner subject to the Prisoner Litigation Reform Act.  I looked to the language of 28 U.S.C. §§ 1915(a) and (b), the fee assessment and collection provisions of the federal statute, and concluded that Congress's reference in these provisions to a single "trust fund account"or "prisoner account" signaled no intent on the part of Congress that the district courts were to exclude from consideration sums in an inmate's release account. Subsequently, the state of Wisconsin took the position that, under the supremacy clause, the Prisoner Litigation Reform Act supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account.  Therefore, if a petitioner does not have sufficient funds in his regular account to pay the full amount of the initial partial payment assessed to him, then prison officials will draw funds first from the prisoner's regular account and any portion of the initial partial payment remaining from the prisoner's release account fund.

However, there is no reason for the state to take the position that under circumstances such as those existing here, the supremacy clause requires it to turn over from

a prisoner's release account a lump sum payment that would satisfy the full amount of the prisoner's filing fee debt. This is because 28 U.S.C. § 1915(b)(2), the provision governing the collection of the balance of the filing fee, is not written in the same way as the provision dealing with initial partial payments. In the initial partial payment provision, Congress directed the district courts to consider two things: how much money on average a prisoner had deposited monthly to his prison account, and how much money on average the prisoner saved monthly or carried as a balance for a six-month period immediately preceding the filing of his lawsuit. The initial partial payment is required to be paid from 20% of the greater of these two figures. By including for consideration sums a prisoner has been saving or carrying as a balance for six months prior to the filing of his lawsuit, Congress made it clear that it did not intend to exclude from consideration money that a prisoner might carry in a release account.

However, once the initial partial payment has been made, the fee collection provision of the statute directs that the remainder of the filing fee is to be paid in monthly payments amounting to "20 percent of the preceding month's income credited to the prisoner's account." Nothing in this language can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts. It is reasonable to understand the federal statute to require the state law restricting access to a prisoner's release account to give way under the supremacy clause if, for example, all of one month's income was credited to a prisoner's release account. Under that circumstance, 20%

of the amount credited would be required as the next month's payment toward the prisoner's filing fee obligation.  Similarly, if in one month a portion of an inmate's income was to be deposited to his release account, I understand the language of the statute to require that 20% of whatever that portion is could be taken from the release account toward the next month's payment.  However, if in a given month none of an inmate's "income" went into his release account, then the statute would not require any of the next month's payment to be taken from the release account.  Under this scenario, there would be no basis for the state to view the federal statute as overriding the state law restricting the use of release account funds.

Nothing in the fee collection provision of § 1915 can be read as requiring the state to allow a prisoner to pay off the balance of a federal court filing fee from money carried over several months in his release account.  Therefore, petitioner's request for an order allowing him to use his release account for payments other than the initial partial payment will be denied.

ORDER

IT IS ORDERED that petitioner is assessed $23.56 as an initial partial payment of the $350 fee for filing this case.  He is to submit a check or money order made payable to the clerk of court in the amount of $23.56 on or before January 7, 2008.  If, by January 7, 2008, petitioner fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily.  In that event, the clerk of court

is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 17th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge