IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NATHAN J. PETTIGREW,

                Petitioner,                                      ORDER

       v.                                                     07-cv-0690-C

MATTHEW FRANK, DOC Secretary
and ALFONSO GRAHAM, Parole Commissioner,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 28, 2008, I denied petitioner Nathan Pettigrew leave to proceed in this action. I understood from the allegations of his complaint that he was contending that respondents were denying him due process by refusing to consider him for parole until he completed a sex offender treatment program. I concluded that petitioner does not have a liberty interest in parole under Wis. Stat. §§ 304.06(1)(b) or 302.11(1) and therefore, he is not entitled to due process protections under the Fourteenth Amendment. Judgment was entered the same day. On February 8, 2008, petitioner filed a "Motion for Reconsideration," which I construe as a timely filed motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59.

1

In support of his motion, petitioner says that I misunderstood his claim when I analyzed his claim as one asserting a liberty interest in parole.  He appears to be saying now that he has a liberty interest in not being characterized as a "sex deviate" without first receiving procedural due process.  This is a curious argument.  Petitioner alleges in his complaint that on August 23, 1995, a jury found him guilty of first degree sexual assault. Thus, to the extent a sex offender label has been attached to his name, it was not accomplished without a full criminal trial at which he had an opportunity to be heard and a decision rendered by impartial decision makers.  Even if petitioner had not been convicted of sexual assault, however, he does not enjoy a liberty interest in avoiding that label under the circumstances he alleges.  Merely classifying an inmate as a sex offender is insufficient to give rise to a liberty interest.  <u>Townsend v. Vallas</u>, 256 F.3d 661, 669 (7th Cir.2001) (citing <u>Paul v. Davis</u>, 424 U.S. 693, 708-10, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)) (to give rise to liberty interest, harm inflicted to reputation must be coupled with change in legal status).

Possibly, petitioner is contending that he has a liberty interest in not being classified as a sex offender *and* forced to participate in a sex offender treatment program.  If that is his argument, he fares no better.  In <u>Jones v. Puckett</u>, 160 F. Supp. 2d 1016, 1023 (W.D.Wis. 2001), I concluded that these combined burdens were insufficient to give rise to a liberty interest:

2

It is common for persons entering prison to have an evaluation of the reasons for their criminal behavior and their treatment needs, for the resulting evaluations to be recorded in their records and for the authorities who make programming and parole decisions to base their decisions in whole or in part on their sense of the effort a particular inmate has made to confront the problems that have been identified as contributing to his criminal conduct. Because it is common procedure, plaintiff cannot argue that his evaluation and identification as a person in need of sex offender treatment is the "atypical and significant hardship on the inmate" that creates a liberty interest. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) ( "[Liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." )

In sum, no matter how petitioner spins the issue he has raised in his complaint, his allegations fail to state a claim that his Fourteenth Amendment due process rights have been violated. Because petitioner has not shown that the decision to deny him leave to proceed was erroneous, petitioner's motion to alter or amend the judgment will be denied.

For petitioner's information, the time for filing an appeal runs for all parties from the date of entry of an order disposing of a timely filed Rule 59 motion. Fed. R. App. P. 4(A). Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the judgment or order appealed from is entered. Therefore, if petitioner intends to file an appeal in this case, he has 30 days from the date of entry of this order in which to do so. By advising petitioner of his right to file an appeal, however, I do not intend to imply that petitioner should file an appeal. A prisoner's decision to file a notice of appeal

3

always should be made carefully in light of the consequences of the decision imposed by the Prison Litigation Reform Act, such as an obligation to pay a $455 filing fee and the potential to earn an additional strike under the three-strikes provision of the act, 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that petitioner Nathan Pettigrew's motion to alter or amend the judgment entered in this case on January 28, 2008, is DENIED.

Entered this 22d day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge